UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELMA WILSON and BARBARA PORTAL,<br><br>        Plaintiffs,<br><br>    v.<br><br>GORDON & WONG LAW GROUP, P.C., DOES 1 THROUGH 100, INCLUSIVE,<br><br>        Defendants. | No.  2:13-cv-00609-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

    Through this action, Plaintiffs Velma Wilson ("Wilson") and Barbara Portal ("Portal") (collectively, "Plaintiffs") seek redress from Defendant Gordon & Wong Law Group, P.C. ("Defendant") for violations of state and federal law.  Specifically, Plaintiffs assert claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as a state law claim for violations of California's Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"), and a common law claim for fraud.

    Plaintiffs originally filed the case in California Superior Court, County of San Joaquin. (Notice of Removal & Pl's Compl., Mar. 29, 2013, ECF No. 1.)  Defendant removed the case to federal court on March 29, 2013.  (Id.)

Presently before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1] (Def.'s Mot. Dismiss, Apr. 5, 2013, ECF No. 6.)  Plaintiff filed a timely opposition.  (Pl.'s Opp'n, Apr. 16, 2013, ECF No. 7.)  Defendant filed a timely reply.  (Def.'s Resp., May 9, 2013, ECF No. 11.)  For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.[2]

## BACKGROUND[3]

"Sometime during or prior to 2012," Plaintiffs created an account with HSBC that "allegedly went into default for late payment."  (ECF No. 1 at 8.)  "On a date unknown to Plaintiff[s]," Plaintiffs' counsel notified Defendant "that Plaintiff[s] [were] represented by counsel and instructed Defendant to cease communication with Plaintiff[s] from that point forward."  (Id.)  At some point after this notification, Defendant contacted Plaintiffs' counsel to discuss Plaintiffs' debt in question.

On February 16, 2011, after the initial communications between Plaintiffs' counsel and Defendant, Defendant mailed Plaintiffs a letter in an attempt to collect on the debt.  (ECF No. 6 at 4.)  Sometime after this letter was sent, Andrew Grimes and David Wong, employees of Defendant, allegedly falsely "represented to Plaintiff[s] that they would settle Plaintiff[s'] claims."  (ECF No. 1 at 9.)  Plaintiffs relied on Defendant's representation, and, as a result, Plaintiffs "lost some legal cause of action that would have entitled Plaintiff[s] to money."  (Id. at 10.)

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 78-230(g).

[3] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint.  (ECF No. 1 at 5-16.)  While Plaintiffs' Opposition to Defendant's Motion to Dismiss includes additional factual allegations, only the facts alleged in the Complaint are included herein.

Furthermore Defendant's alleged misrepresentation and continued attempts to collect the debt in question caused Plaintiffs to allegedly experience numerous forms of mental anguish and suffering.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).

///

3

1    Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant
2    could satisfy the requirements of providing not only 'fair notice' of the nature of the claim,
3    but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R.
4    Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to
5    relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their
6    claims across the line from conceivable to plausible, their complaint must be dismissed."
7    Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge
8    that actual proof of those facts is improbable, and 'that a recovery is very remote and
9    unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

10          A court granting a motion to dismiss a complaint must then decide whether to
11   grant leave to amend.  Leave to amend should be "freely given" where there is no
12   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
13   to the opposing party by virtue of allowance of the amendment, [or] futility of the
14   amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
15   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
16   be considered when deciding whether to grant leave to amend).  Not all of these factors
17   merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .
18   carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
19   185 (9th Cir. 1987).  Dismissal without leave to amend is proper only if it is clear that "the
20   complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,
21   Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,
22   1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.
23   1989) ("Leave need not be granted where the amendment of the complaint . . .
24   constitutes an exercise in futility . . . .")).
25   ///
26   ///
27   ///
28   ///

**ANALYSIS**

Defendant seeks dismissal of all three of Plaintiffs' causes of action. Plaintiffs' first two causes of action allege violations of the RFDCPA and FDCPA. Plaintiffs' third cause of action is a common law claim for fraud. Each is addressed in turn below.

A.   **Incorporation of Documents**

Plaintiffs and Defendant attach numerous documents to the instant Motion to Dismiss, Plaintiffs' Opposition to the Motion to Dismiss, and Defendant's Response to Plaintiffs' Opposition. "Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). However, the Ninth Circuit has held "that documents whose content are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on separate grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). The document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Furthermore, "such consideration does 'not convert the motion to dismiss into a motion for summary judgment.'" Branch, 14 F.3d at 454 (9th Cir. 1994) (quoting Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (9th Cir. 1991)).

In the original Complaint, Plaintiffs allege that Plaintiffs' counsel "sent a letter of representation to Defendant[]" that "instructed Defendant to cease communication with Plaintiff[s] from that point forward." (ECF No. 1 at 8.) Plaintiffs did not attach this letter to the original Complaint but, rather, attached it to Plaintiffs' Opposition to Motion to Dismiss. (ECF No. 7 at 17.)

1 | Since Defendant does not dispute the authenticity of this document and Plaintiffs
2 | specifically allege the content of this letter in the Complaint, the correspondence can be
3 | incorporated into Plaintiffs' original pleading without converting the current motion to
4 | dismiss into a motion for summary judgment.  As a result of this incorporation, the Court
5 | recognizes, for purpose of the motion to dismiss, January 6, 2011, as the date that
6 | Plaintiffs sent the letter to Defendant that notified Defendant of Plaintiffs' representation
7 | by counsel.
8 |       In Plaintiffs' Complaint, Plaintiffs do not allege a particular date that Defendant
9 | contacted Plaintiffs in violation the RFDCPA or FDCPA.  Rather, Plaintiffs allege that, at
10 | some point after Defendant was notified of Plaintiffs' representation by counsel,
11 | "Defendant[ ] . . . directly mailed Plaintiff[s] a collection letter in [an] attempt to collect" on
12 | the debt.  (ECF No. 1 at 9.)  Plaintiffs did not attach this letter to the original Complaint.
13 | However, Defendant attached the letter, sent on February 16, 2011, to the Motion to
14 | Dismiss.  (ECF No. 6 at 13.)  Since neither party questions the authenticity of the
15 | correspondence provided by Defendant and Plaintiffs expressly mention the letter in the
16 | original Complaint, the correspondence can be incorporated into Plaintiffs' original
17 | pleading without converting the current motion to dismiss into a motion for summary
18 | judgment.  As a result of this incorporation, the Court recognizes, for the purposes of the
19 | motion to dismiss, February 16, 2011, as the date that Defendant sent the letter to
20 | Plaintiffs that allegedly violated the RFDCPA and FDCPA.
21 |       In their Opposition to the Motion to Dismiss, Plaintiffs attach a "Declaration of
22 | William Campbell" and a letter from Plaintiffs' counsel demanding Defendant not contact
23 | Plaintiffs directly.  (ECF No. 7 at 12-17.)  However, the Court cannot incorporate these
24 | two documents into Plaintiffs' original Complaint for the purposes of this motion to
25 | dismiss because Plaintiffs fail to mention either document in the Complaint.  Defendant
26 | also attaches to its Reply to Plaintiffs' Opposition numerous documents relating to
27 | Plaintiffs' power of attorney and Plaintiffs' representation by counsel.  (ECF No. 11 at
28 | 12-20.)  However, Plaintiffs' original pleadings do not mention any of this documentation.

Thus, the Court declines to incorporate Defendant's additional attached documents because to do so would convert the motion to dismiss into a motion for summary judgment.

Furthermore, Plaintiffs attach email correspondences that Plaintiffs allege are a negotiation and an agreement to settle with Defendant. (Id. at 23-35.) However, the email correspondences between Plaintiffs and Defendant were not alleged "extensively" in the Complaint. Ritchie, 342 F.3d at 908. In the original Complaint, Plaintiffs allege that Defendant falsely "represented to Plaintiff[s] that they would settle Plaintiff[s'] claims," but they do not state how this alleged representation was made to Plaintiffs. (ECF No. 1 at 9). Plaintiffs' Complaint does not state that this representation arose from email communications, nor does Plaintiffs' complaint cite to or quote any language from these alleged emails. Thus, the Court declines to incorporate the alleged emails into Plaintiffs' complaint for purpose of the motion to dismiss. See Soroka v. Extended Stay, Inc., No. CIV. 2:10-2883 WBS CMK, 2011 WL 445834, at *3 (E.D. Cal. Feb. 8, 2011); Int'l Union of Operating Engineers, Local 3 v. Zurich N. Am., No. CIV. S-06-0957 WBS KJM, 2006 WL 3271156, at *2 (E.D. Cal. Sep. 27, 2006).

### B.   FDCPA and RFDCPA Statute of Limitations

Defendant takes issue with Plaintiffs' RFDCPA and FDCPA claims on statute of limitations grounds. (ECF No. 6 at 7.) As a result of incorporation into the Complaint, see supra, the Court accepts February 16, 2011, as the date that Defendant sent the letter to Plaintiffs which allegedly violated the RFDCPA and FDCPA.

The FDCPA states "[a]n action to enforce any liability . . . may be brought . . . within one year from that date on which the violation occurs." 15 U.S.C. § 1692k(d). Similarly, the RFDCPA states "[a]ny action in this section may be brought . . . within one year from the date of the occurrence of the violation." Cal. Civ. Code § 1788.30(f).

///

"Under Ninth Circuit precedent, the FDCPA limitations period 'begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Huy Thanh Vo v. Nelson & Kennard, No. CIV. 5-12-2537 LKK/CKD, 2013 WL 1091207, at *3 (E.D. Cal. Mar. 15, 2013) (quoting Mangum v. Action Collection Serv., Inc., 575 F.3d 935, 940 (9th Cir. 2009)).

As the correspondence that allegedly violated these statutes was sent on February 16, 2011, Plaintiffs knew of the injury that provides the basis for their RFDCPA and FDCPA claims on that date. As a result, the latest date Plaintiffs could have brought any action prior to the statute of limitations expiring is February 16, 2012. However, Plaintiffs did not file the instant lawsuit until February 13, 2013, almost one year after the statute of limitations expired. Defendant argues that, as a result, Plaintiffs' FDCPA and RFDCPA claims are time barred and therefore fail as a matter of law. (ECF No. 6.) Plaintiffs concede that their claims were not brought within the requisite statute of limitations period, but contend that the limitations period is subject to equitable tolling. (ECF No. 7.)

The Ninth Circuit has held that equitable tolling is applicable to the FDCPA. Mangum, 575 F.3d at 939-40. Equitable tolling is extended "only sparingly" by the courts, and it is generally awarded in two situations: (1) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," or (2) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Prior applications of equitable tolling illustrate that the inquiry should focus on fairness to both parties. See generally id. However, courts are hesitant to apply equitable tolling in situations in which the plaintiff has the information necessary for the filing of a claim and does not do so as a result of on-going negotiations with the defendant.

///

///

See Souphalith v. Astrue, No. 06-CV-01410-H (AJB), 2009 WL 35471 (S.D. Cal. Jan. 5, 2009) (narrowly applying equitable tolling solely on the basis of defendant's past waiver of the timeliness requirement after settlement negotiations); Hawaii v. United States, 173 F. Supp. 2d 1063 (D. Haw. 2000) (holding equitable tolling inapplicable as defendant's intent to engage in settlement negotiations is not a reasonable justification for plaintiff's delay in bringing suit).

Regarding the interaction between equitable tolling and a motion to dismiss, the Eastern District has held:

> Because the statute of limitations is an affirmative defense, its invocation in the context of a motion to dismiss raises specific concerns, especially when the plaintiff raises an equitable tolling or equitable estoppel argument. "Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss if equitable tolling is at issue."

Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1052-53 (E.D. Cal. 2009) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006)). This Eastern District has further held that "[i]n light of these concerns . . . a motion to dismiss on statute of limitations grounds cannot be granted if 'the complaint, liberally construed in light of our notice pleading system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine.'" Champlaie, 706 F. Supp. 2d at 1053 (internal quotations omitted) (quoting Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993)).

While Plaintiffs allege more detailed facts relating to equitable tolling in their response to Defendant's motion to dismiss, in ruling on a motion to dismiss the Court looks only to the face of the complaint to determine whether equitable tolling should apply. Van Buskirk, 284 F.3d at 980. On the face of the complaint, Plaintiffs simply do not allege facts sufficient to show the potential applicability of the equitable tolling doctrine. Plaintiffs allege that Defendant "represented to Plaintiff[s] that they would settle Plaintiff[s'] claims" and that this representation "was false." (ECF No. 1 at 9.) Plaintiffs further allege that "[a]s a result of the material misrepresentation . . .

Plaintiff has lost some legal causes of action . . . ." (Id. at 14.) At no point does Plaintiffs' Complaint allege any facts suggesting that equitable tolling should apply to the FDCPA or RFDCPA statute of limitations. Thus, the Court cannot conclude that Plaintiffs "actively pursued . . . judicial remedies by filing a defective pleading during the statutory period," or that Plaintiffs were "induced or tricked by [Defendant's] misconduct into allowing the filing deadline to pass." Irwin, 498 U.S. at 96.

Accordingly, Defendant's motion to dismiss these causes of action on statute of limitations grounds is granted. However, since equitable tolling generally "depends on matters outside of the pleadings," Plaintiffs shall be afforded leave to amend their complaint. Champlaie, 706 F. Supp. 2d at 1052.

**C.    Fraud**

Plaintiffs allege that Defendant misrepresented its intention to settle Plaintiffs' debt and Plaintiffs are entitled to damages as a result of this fraud.

Under California law, to state a cause of action for fraud, Plaintiffs must allege: "'(a) misrepresentation . . . ; (b) knowledge of falsity . . . ; (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" Engalla v. Permanente Medical Grp., Inc., 15 Cal. 4th 951, 974 (1997) (quoting Lazar v. Super. Ct., 12 Cal. 4th 631, 638 (1996)). The Ninth Circuit has held that "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). Furthermore, "Rule 9(b) demands that when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done nothing wrong." Rosal v. First Fed. Bank of Cal., 671 F. Supp. 2d 1111, 1127 (N.D. Cal. 2009) (citing Vess, 317 F.3d at 1106).

1  Plaintiffs have not pled the facts related to this cause of action with the
2  particularity required by Rule 9(b).  Plaintiffs allege that "Defendant[] . . . [falsely]
3  represented to Plaintiff[s] that they would settle Plaintiff[s'] claims," and that "Andrew
4  Grimes and David Wong who are employees of Defendant[] . . . intended that Plaintiff[s]
5  would rely on the representation made by Defendant[]."  (ECF No. 1 at 13.)  Plaintiffs
6  further allege that "Plaintiff[s'] reliance on the representation . . . was a substantial factor
7  in causing Plaintiff[s'] harm" including multiple types of mental suffering, and "Plaintiff[s]
8  [have] lost some legal causes of action that would have entitled Plaintiff[s] to money."
9  (Id. at 14.)

10  As such, "[t]he complaint lacks specific allegations regarding the fraud."
11  Adesokan v. U.S. Bank, N.A., No. 11-cv-01236-LJO-SKO, 2011 WL 5241178 at *8 (E.D.
12  Cal. Oct. 31, 2011).  Plaintiffs make general allegations of misrepresentation by two
13  named employees of Defendant, but Plaintiffs fail to state the facts with the particularity
14  required under Rule 9(b)'s heightened pleading standard.  Plaintiffs' Complaint does not
15  state on what date, or even in what year, this alleged activity took place, nor do Plaintiffs
16  state whether this alleged activity took place over the phone, in person, or by mail.  In
17  short, Plaintiffs' Complaint does not state "when, where, and how" this alleged fraudulent
18  misrepresentation took place.  Vess, 317 F.3d at 1106.

19  Because the particular allegations of fraud are insufficiently pled under Rule 9(b)
20  and thus are not "specific enough to give defendants notice of the particular misconduct
21  so that they can defend against the charge," Plaintiffs have failed to state a claim for
22  fraud upon which relief can be granted.  Rosal, 671 F. Supp. 2d at 1127.  Defendant's
23  motion to dismiss this cause of action is therefore granted.
24  ///
25  ///
26  ///
27  ///
28  ///

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' FDCPA, RFDCPA and fraud claims is GRANTED WITH LEAVE TO AMEND.  If no amended complaint is filed within twenty (20) days of the date of this order, the causes of action dismissed by this order shall be dismissed with prejudice.

IT IS SO ORDERED.

DATED: June 19, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT