1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   VELMA WILSON and BARBARA                    No.  2:13-cv-00609-MCE-KJN
     PORTAL,
12
                       Plaintiffs,
13                                               **MEMORANDUM AND ORDER**

14          v.

15   GORDON & WONG LAW GROUP,
     P.C., DOES 1 THROUGH 100,
16   INCLUSIVE,

17                     Defendants.

18

19          Through this action, Plaintiffs Velma Wilson ("Wilson") and Barbara Portal

20   ("Portal") (collectively, "Plaintiffs") seek redress from Defendant Gordon & Wong Law

21   Group, P.C. ("Defendant") for violations of state and federal law.  Specifically, Plaintiffs

22   assert claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

23   et seq. ("FDCPA"), as well as a state law claim for violations of California's Rosenthal

24   Fair Debt Collections Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"), and a

25   common law claim for fraud.

26          Plaintiffs originally filed the case in California Superior Court, County of

27   San Joaquin.  (Notice of Removal & Pl's Compl., Mar. 29, 2013, ECF No. 1.)  Defendant

28   removed the case to federal court on March 29, 2013.  (Id.)

1   Presently before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of

2   Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

3   (Def.'s Mot. Dismiss, Apr. 5, 2013, ECF No. 6.)  Plaintiff filed a timely opposition.  (Pl.'s

4   Opp'n, Apr. 16, 2013, ECF No. 7.)  Defendant filed a timely reply.  (Def.'s Resp., May 9,

5   2013, ECF No. 11.)  For the reasons set forth below, Defendant's Motion to Dismiss is

6   GRANTED.[2]

7

8                                    **BACKGROUND**[3]

9

10       "Sometime during or prior to 2012," Plaintiffs created an account with HSBC that

11   "allegedly went into default for late payment."  (ECF No. 1 at 8.)  "On a date unknown to

12   Plaintiff[s]," Plaintiffs' counsel notified Defendant "that Plaintiff[s] [were] represented by

13   counsel and instructed Defendant to cease communication with Plaintiff[s] from that

14   point forward."  (Id.)  At some point after this notification, Defendant contacted Plaintiffs'

15   counsel to discuss Plaintiffs' debt in question.

16       On February 16, 2011, after the initial communications between Plaintiffs' counsel

17   and Defendant, Defendant mailed Plaintiffs a letter in an attempt to collect on the debt.

18   (ECF No. 6 at 4.)  Sometime after this letter was sent, Andrew Grimes and David Wong,

19   employees of Defendant, allegedly falsely "represented to Plaintiff[s] that they would

20   settle Plaintiff[s'] claims."  (ECF No. 1 at 9.)  Plaintiffs relied on Defendant's

21   representation, and, as a result, Plaintiffs "lost some legal cause of action that would

22   have entitled Plaintiff[s] to money."  (Id. at 10.)

23   ///

24   _____

         [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
25   otherwise noted.

26       [2] Because oral argument will not be of material assistance, the Court ordered this matter
     submitted on the briefs.  E.D. Cal. Local R. 78-230(g).

27       [3] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint.  (ECF
     No. 1 at 5-16.)  While Plaintiffs' Opposition to Defendant's Motion to Dismiss includes additional factual
28   allegations, only the facts alleged in the Complaint are included herein.

1  Furthermore Defendant's alleged misrepresentation and continued attempts to collect

2  the debt in question caused Plaintiffs to allegedly experience numerous forms of mental

3  anguish and suffering.

4

5  **STANDARD**

6

7  On a motion to dismiss for failure to state a claim under Federal Rule of Civil

8  Procedure 12(b)(6), all allegations of material fact must be accepted as true and

9  construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

10  Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

11  statement of the claim showing that the pleader is entitled to relief" in order to "give the

12  defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell

13  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

14  47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

15  detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

16  his entitlement to relief requires more than labels and conclusions, and a formulaic

17  recitation of the elements of a cause of action will not do."  Id. (internal citations and

18  quotations omitted).  A court is not required to accept as true a "legal conclusion

19  couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

20  Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

21  above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &

22  Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

23  pleading must contain something more than "a statement of facts that merely creates a

24  suspicion [of] a legally cognizable right of action.")).

25  Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

26  assertion, of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and

27  quotations omitted).

28  ///

1   Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant

2   could satisfy the requirements of providing not only 'fair notice' of the nature of the claim,

3   but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R.

4   Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to

5   relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their

6   claims across the line from conceivable to plausible, their complaint must be dismissed."

7   Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge

8   that actual proof of those facts is improbable, and 'that a recovery is very remote and

9   unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

10       A court granting a motion to dismiss a complaint must then decide whether to

11   grant leave to amend.  Leave to amend should be "freely given" where there is no

12   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

13   to the opposing party by virtue of allowance of the amendment, [or] futility of the

14   amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

15   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

16   be considered when deciding whether to grant leave to amend).  Not all of these factors

17   merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

18   carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

19   185 (9th Cir. 1987).  Dismissal without leave to amend is proper only if it is clear that "the

20   complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,

21   Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

22   1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

23   1989) ("Leave need not be granted where the amendment of the complaint . . .

24   constitutes an exercise in futility . . . .")).

25   ///

26   ///

27   ///

28   ///

4

1

**ANALYSIS**

2

3          Defendant seeks dismissal of all three of Plaintiffs' causes of action.  Plaintiffs'

4   first two causes of action allege violations of the RFDCPA and FDCPA.  Plaintiffs' third

5   cause of action is a common law claim for fraud.  Each is addressed in turn below.

6

7          **A.      Incorporation of Documents**

8

9          Plaintiffs and Defendant attach numerous documents to the instant Motion to

10   Dismiss, Plaintiffs' Opposition to the Motion to Dismiss, and Defendant's Response to

11   Plaintiffs' Opposition.  "Ordinarily, a court may look only at the face of the complaint to

12   decide a motion to dismiss."  Van Buskirk v. Cable News Network, Inc., 284 F.3d 977,

13   980 (9th Cir. 2002).  However, the Ninth Circuit has held "that documents whose content

14   are alleged in a complaint and whose authenticity no party questions, but which are not

15   physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

16   motion to dismiss."  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on

17   separate grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

18   The document "may be incorporated by reference into a complaint if the plaintiff refers

19   extensively to the document or the document forms the basis of the plaintiff's claim."

20   United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Furthermore, "such

21   consideration does 'not convert the motion to dismiss into a motion for summary

22   judgment.'"  Branch, 14 F.3d at 454 (9th Cir. 1994) (quoting Romani v. Shearson

23   Lehman Hutton, 929 F.2d 875, 879 n.3 (9th Cir. 1991)).

24          In the original Complaint, Plaintiffs allege that Plaintiffs' counsel "sent a letter of

25   representation to Defendant[]" that "instructed Defendant to cease communication with

26   Plaintiff[s] from that point forward."  (ECF No. 1 at 8.)  Plaintiffs did not attach this letter

27   to the original Complaint but, rather, attached it to Plaintiffs' Opposition to Motion to

28   Dismiss.  (ECF No. 7 at 17.)

1    Since Defendant does not dispute the authenticity of this document and Plaintiffs

2    specifically allege the content of this letter in the Complaint, the correspondence can be

3    incorporated into Plaintiffs' original pleading without converting the current motion to

4    dismiss into a motion for summary judgment.  As a result of this incorporation, the Court

5    recognizes, for purpose of the motion to dismiss, January 6, 2011, as the date that

6    Plaintiffs sent the letter to Defendant that notified Defendant of Plaintiffs' representation

7    by counsel.

8         In Plaintiffs' Complaint, Plaintiffs do not allege a particular date that Defendant

9    contacted Plaintiffs in violation the RFDCPA or FDCPA.  Rather, Plaintiffs allege that, at

10   some point after Defendant was notified of Plaintiffs' representation by counsel,

11   "Defendant[ ] . . . directly mailed Plaintiff[s] a collection letter in [an] attempt to collect" on

12   the debt.  (ECF No. 1 at 9.)  Plaintiffs did not attach this letter to the original Complaint.

13   However, Defendant attached the letter, sent on February 16, 2011, to the Motion to

14   Dismiss.  (ECF No. 6 at 13.)  Since neither party questions the authenticity of the

15   correspondence provided by Defendant and Plaintiffs expressly mention the letter in the

16   original Complaint, the correspondence can be incorporated into Plaintiffs' original

17   pleading without converting the current motion to dismiss into a motion for summary

18   judgment.  As a result of this incorporation, the Court recognizes, for the purposes of the

19   motion to dismiss, February 16, 2011, as the date that Defendant sent the letter to

20   Plaintiffs that allegedly violated the RFDCPA and FDCPA.

21        In their Opposition to the Motion to Dismiss, Plaintiffs attach a "Declaration of

22   William Campbell" and a letter from Plaintiffs' counsel demanding Defendant not contact

23   Plaintiffs directly.  (ECF No. 7 at 12-17.)  However, the Court cannot incorporate these

24   two documents into Plaintiffs' original Complaint for the purposes of this motion to

25   dismiss because Plaintiffs fail to mention either document in the Complaint.  Defendant

26   also attaches to its Reply to Plaintiffs' Opposition numerous documents relating to

27   Plaintiffs' power of attorney and Plaintiffs' representation by counsel.  (ECF No. 11 at

28   12-20.)  However, Plaintiffs' original pleadings do not mention any of this documentation.

1    Thus, the Court declines to incorporate Defendant's additional attached documents

2    because to do so would convert the motion to dismiss into a motion for summary

3    judgment.

4         Furthermore, Plaintiffs attach email correspondences that Plaintiffs allege are a

5    negotiation and an agreement to settle with Defendant.  (Id. at 23-35.)  However, the

6    email correspondences between Plaintiffs and Defendant were not alleged "extensively"

7    in the Complaint.  Ritchie, 342 F.3d at 908.  In the original Complaint, Plaintiffs allege

8    that Defendant falsely "represented to Plaintiff[s] that they would settle Plaintiff[s']

9    claims," but they do not state how this alleged representation was made to Plaintiffs.

10   (ECF No. 1 at 9).  Plaintiffs' Complaint does not state that this representation arose from

11   email communications, nor does Plaintiffs' complaint cite to or quote any language from

12   these alleged emails.  Thus, the Court declines to incorporate the alleged emails into

13   Plaintiffs' complaint for purpose of the motion to dismiss.  See Soroka v. Extended Stay,

14   Inc., No. CIV. 2:10-2883 WBS CMK, 2011 WL 445834, at *3 (E.D. Cal. Feb. 8, 2011);

15   Int'l Union of Operating Engineers, Local 3 v. Zurich N. Am., No. CIV. S-06-0957 WBS

16   KJM, 2006 WL 3271156, at *2 (E.D. Cal. Sep. 27, 2006).

17

18        B.    FDCPA and RFDCPA Statute of Limitations

19

20        Defendant takes issue with Plaintiffs' RFDCPA and FDCPA claims on statute of

21   limitations grounds.  (ECF No. 6 at 7.)  As a result of incorporation into the Complaint,

22   see supra, the Court accepts February 16, 2011, as the date that Defendant sent the

23   letter to Plaintiffs which allegedly violated the RFDCPA and FDCPA.

24        The FDCPA states "[a]n action to enforce any liability . . . may be brought . . .

25   within one year from that date on which the violation occurs."  15 U.S.C. § 1692k(d).

26   Similarly, the RFDCPA states "[a]ny action in this section may be brought . . . within one

27   year from the date of the occurrence of the violation."  Cal. Civ. Code § 1788.30(f).

28   ///

1  "Under Ninth Circuit precedent, the FDCPA limitations period 'begins to run when the

2  plaintiff knows or has reason to know of the injury which is the basis of the action.'"  Huy

3  Thanh Vo v. Nelson & Kennard, No. CIV. 5-12-2537 LKK/CKD, 2013 WL 1091207, at *3

4  (E.D. Cal. Mar. 15, 2013) (quoting Mangum v. Action Collection Serv., Inc., 575 F.3d

5  935, 940 (9th Cir. 2009)).

6      As the correspondence that allegedly violated these statutes was sent on

7  February 16, 2011, Plaintiffs knew of the injury that provides the basis for their RFDCPA

8  and FDCPA claims on that date.  As a result, the latest date Plaintiffs could have brought

9  any action prior to the statute of limitations expiring is February 16, 2012.  However,

10  Plaintiffs did not file the instant lawsuit until February 13, 2013, almost one year after the

11  statute of limitations expired.  Defendant argues that, as a result, Plaintiffs' FDCPA and

12  RFDCPA claims are time barred and therefore fail as a matter of law.  (ECF No. 6.)

13  Plaintiffs concede that their claims were not brought within the requisite statute of

14  limitations period, but contend that the limitations period is subject to equitable tolling.

15  (ECF No. 7.)

16      The Ninth Circuit has held that equitable tolling is applicable to the FDCPA.

17  Mangum, 575 F.3d at 939-40.  Equitable tolling is extended "only sparingly" by the

18  courts, and it is generally awarded in two situations: (1) "where the claimant has actively

19  pursued his judicial remedies by filing a defective pleading during the statutory period,"

20  or (2) "where the complainant has been induced or tricked by his adversary's misconduct

21  into allowing the filing deadline to pass."  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89,

22  96 (1990).  Prior applications of equitable tolling illustrate that the inquiry should focus on

23  fairness to both parties.  See generally id.  However, courts are hesitant to apply

24  equitable tolling in situations in which the plaintiff has the information necessary for the

25  filing of a claim and does not do so as a result of on-going negotiations with the

26  defendant.

27  ///

28  ///

1   See Souphalith v. Astrue, No. 06-CV-01410-H (AJB), 2009 WL 35471 (S.D. Cal. Jan. 5,

2   2009) (narrowly applying equitable tolling solely on the basis of defendant's past waiver

3   of the timeliness requirement after settlement negotiations); Hawaii v. United States, 173

4   F. Supp. 2d 1063 (D. Haw. 2000) (holding equitable tolling inapplicable as defendant's

5   intent to engage in settlement negotiations is not a reasonable justification for plaintiff's

6   delay in bringing suit).

7           Regarding the interaction between equitable tolling and a motion to dismiss, the

8   Eastern District has held:

9               Because the statute of limitations is an affirmative defense,
                its invocation in the context of a motion to dismiss raises
10              specific concerns, especially when the plaintiff raises an
                equitable tolling or equitable estoppel argument.  "Generally,
11              the applicability of equitable tolling depends on matters
                outside the pleadings, so it is rarely appropriate to grant a
12              Rule 12(b)(6) motion to dismiss if equitable tolling is at issue."

13  Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1052-53 (E.D.

14  Cal. 2009) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir.

15  2006)).  This Eastern District has further held that "[i]n light of these concerns . . . a

16  motion to dismiss on statute of limitations grounds cannot be granted if 'the complaint,

17  liberally construed in light of our notice pleading system, adequately alleges facts

18  showing the potential applicability of the equitable tolling doctrine.'"  Champlaie,

19  706 F. Supp. 2d at 1053 (internal quotations omitted) (quoting Cervantes v. City of

20  San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993)).

21          While Plaintiffs allege more detailed facts relating to equitable tolling in their

22  response to Defendant's motion to dismiss, in ruling on a motion to dismiss the Court

23  looks only to the face of the complaint to determine whether equitable tolling should

24  apply.  Van Buskirk, 284 F.3d at 980.  On the face of the complaint, Plaintiffs simply do

25  not allege facts sufficient to show the potential applicability of the equitable tolling

26  doctrine.  Plaintiffs allege that Defendant "represented to Plaintiff[s] that they would

27  settle Plaintiff[s'] claims" and that this representation "was false."  (ECF No. 1 at 9.)

28  Plaintiffs further allege that "[a]s a result of the material misrepresentation . . .

1   Plaintiff has lost some legal causes of action . . . ."  (Id. at 14.)  At no point does

2   Plaintiffs' Complaint allege any facts suggesting that equitable tolling should apply to the

3   FDCPA or RFDCPA statute of limitations.  Thus, the Court cannot conclude that

4   Plaintiffs "actively pursued . . . judicial remedies by filing a defective pleading during the

5   statutory period," or that Plaintiffs were "induced or tricked by [Defendant's] misconduct

6   into allowing the filing deadline to pass."  Irwin, 498 U.S. at 96.

7        Accordingly, Defendant's motion to dismiss these causes of action on statute of

8   limitations grounds is granted.  However, since equitable tolling generally "depends on

9   matters outside of the pleadings," Plaintiffs shall be afforded leave to amend their

10  complaint.  Champlaie, 706 F. Supp. 2d at 1052.

11

12       **C.     Fraud**

13

14       Plaintiffs allege that Defendant misrepresented its intention to settle Plaintiffs'

15  debt and Plaintiffs are entitled to damages as a result of this fraud.

16       Under California law, to state a cause of action for fraud, Plaintiffs must allege:

17  "'(a) misrepresentation . . . ; (b) knowledge of falsity . . . ; (c) intent to defraud, i.e., to

18  induce reliance; (d) justifiable reliance; and (e) resulting damage.'"  Engalla v.

19  Permanente Medical Grp., Inc., 15 Cal. 4th 951, 974 (1997) (quoting Lazar v. Super. Ct.,

20  12 Cal. 4th 631, 638 (1996)).  The Ninth Circuit has held that "[a]verments of fraud must

21  be accompanied by 'the who, what, when, where, and how' of the misconduct charged."

22  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v.

23  Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).  Furthermore, "Rule 9(b) demands that when

24  averments of fraud are made, the circumstances constituting the alleged fraud be

25  specific enough to give defendants notice of the particular misconduct so that they can

26  defend against the charge and not just deny that they have done nothing wrong."

27  Rosal v. First Fed. Bank of Cal., 671 F. Supp. 2d 1111, 1127 (N.D. Cal. 2009) (citing

28  Vess, 317 F.3d at 1106).

1    Plaintiffs have not pled the facts related to this cause of action with the

2    particularity required by Rule 9(b).  Plaintiffs allege that "Defendant[] . . . [falsely]

3    represented to Plaintiff[s] that they would settle Plaintiff[s'] claims," and that "Andrew

4    Grimes and David Wong who are employees of Defendant[] . . . intended that Plaintiff[s]

5    would rely on the representation made by Defendant[]."  (ECF No. 1 at 13.)  Plaintiffs

6    further allege that "Plaintiff[s'] reliance on the representation . . . was a substantial factor

7    in causing Plaintiff[s'] harm" including multiple types of mental suffering, and "Plaintiff[s]

8    [have] lost some legal causes of action that would have entitled Plaintiff[s] to money."

9    (Id. at 14.)

10    As such, "[t]he complaint lacks specific allegations regarding the fraud."

11   Adesokan v. U.S. Bank, N.A., No. 11-cv-01236-LJO-SKO, 2011 WL 5241178 at *8 (E.D.

12   Cal. Oct. 31, 2011).  Plaintiffs make general allegations of misrepresentation by two

13   named employees of Defendant, but Plaintiffs fail to state the facts with the particularity

14   required under Rule 9(b)'s heightened pleading standard.  Plaintiffs' Complaint does not

15   state on what date, or even in what year, this alleged activity took place, nor do Plaintiffs

16   state whether this alleged activity took place over the phone, in person, or by mail.  In

17   short, Plaintiffs' Complaint does not state "when, where, and how" this alleged fraudulent

18   misrepresentation took place.  Vess, 317 F.3d at 1106.

19    Because the particular allegations of fraud are insufficiently pled under Rule 9(b)

20   and thus are not "specific enough to give defendants notice of the particular misconduct

21   so that they can defend against the charge," Plaintiffs have failed to state a claim for

22   fraud upon which relief can be granted.  Rosal, 671 F. Supp. 2d at 1127.  Defendant's

23   motion to dismiss this cause of action is therefore granted.

24   ///

25   ///

26   ///

27   ///

28   ///

11

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' FDCPA, RFDCPA and fraud claims is GRANTED WITH LEAVE TO AMEND.  If no amended complaint is filed within twenty (20) days of the date of this order, the causes of action dismissed by this order shall be dismissed with prejudice.

IT IS SO ORDERED.

DATED:  June 19, 2013

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT