1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   VELMA WILSON and BARBARA              No.  2:13-cv-00609-MCE-KJN
     PORTAL,
12
                    Plaintiffs,
13                                         **MEMORANDUM AND ORDER**
           v.
14
     GORDON & WONG LAW GROUP,
15   P.C., and DOES 1 THROUGH 100,
     INCLUSIVE,
16
                    Defendants.
17

18

19          Plaintiffs Velma Wilson and Barbara Portal (collectively, "Plaintiffs") initially filed

20   suit against Defendant Gordon & Wong Law Group, P.C. ("Defendant") in state court

21   alleging: (1) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code

22   § 1788, et seq. ("RFDCPA"); (2) violation of the Fair Debt Collection Practices Act,

23   15 U.S.C. § 1692, et seq. ("FDCPA"); and (3) intentional misrepresentation (fraud).  After

24   removing the case to federal court, Defendant filed a Motion to Dismiss pursuant to

25   Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 6.)  On June 19, 2013, the Court

26   granted Defendant's Motion to Dismiss with leave to amend.  (ECF No. 13.)  Specifically,

27   the Court dismissed Plaintiffs' first two causes of action for violations of the RFDCPA

28   and FDCPA on statute of limitations grounds.

1

1   The Court dismissed Plaintiffs' third cause of action because Plaintiffs failed to plead

2   fraud with particularity.  On July 3, 2013, Plaintiffs filed the First Amended Complaint.

3   (ECF No. 14.)  Presently before the Court is Defendant's Motion to Dismiss Plaintiffs'

4   First Amended Complaint.  (ECF No. 16.)  For the reasons stated below, Defendant's

5   Motion to Dismiss is granted.[1]

6

7   **BACKGROUND**[2]

8

9   According to Plaintiffs, "[s]ometime during or prior to 2012," Plaintiff created an

10  account ending in 2036 with HSBC and incurred financial obligations on the account.

11  (Pls.' Am. Compl. 5, ECF No. 14.)  The financial "obligations allegedly went into default

12  for late payment."  (Id.)  "Sometime prior to January 6, 2011," Defendant "was retained to

13  collect account ending in 2036."  (Id.)  Plaintiffs "retained The Palmer Firm, P.C. to

14  represent them regarding their debt."  (Id.)

15  On January 6, 2011, The Palmer Firm sent a letter to Defendant informing

16  Defendant "that Plaintiffs were represented by counsel regarding account ending in 2036

17  and instructed Defendant to cease communication with Plaintiff[s] from that point

18  forward."  (Id.)  However, on January 18, 2011, Defendant called Plaintiffs on the

19  telephone "regarding payment on account ending in 2036."  (Id. at 6.)  In addition, on

20  February 16, 2011, Defendants "mailed a collection letter to Plaintiffs in [an] attempt to

21  collect on account ending in 2036."  (Id.)  In response, The Palmer Firm sent a "demand

22  letter" to Defendant dated June 21, 2011.  (Id.)  Defendant communicated with The

23  Palmer Firm through e-mail in an alleged attempt to "resolve the issues in the demand

24  letter."  (Id.)

25  _____

26  [1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(g).

27  [2] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Amended Complaint.  (ECF No. 14.)

28

2

On July 27, 2011, the communications between Defendant and The Palmer Firm resulted in an agreement "to pay Plaintiffs $1200.00 to resolve Plaintiffs' demand letter." (Id.)  After July 12, 2012, Defendant stopped communicating with The Palmer Firm regarding the alleged agreement to settle the demand.  (Id. at 7.)

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).

1  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant

2  could satisfy the requirements of providing not only 'fair notice' of the nature of the claim,

3  but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R.

4  Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to

5  relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their

6  claims across the line from conceivable to plausible, their complaint must be dismissed."

7  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge

8  that actual proof of those facts is improbable, and 'that a recovery is very remote and

9  unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

10      A court granting a motion to dismiss a complaint must then decide whether to

11  grant leave to amend.  Leave to amend should be "freely given" where there is no

12  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

13  to the opposing party by virtue of allowance of the amendment, [or] futility of the

14  amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

15  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

16  be considered when deciding whether to grant leave to amend).  Not all of these factors

17  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

18  carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

19  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

20  "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,

21  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

22  1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

23  1989) ("Leave need not be granted where the amendment of the complaint . . .

24  constitutes an exercise in futility . . . .")).

25  ///

26  ///

27  ///

28  ///

4

1

**ANALYSIS**

2

3        The Court previously granted Defendant's Motion to Dismiss Plaintiffs' original

4   Complaint with leave to amend.  (ECF No. 13.)  After Plaintiffs filed the Amended

5   Complaint, Defendants filed the instant Motion to Dismiss all three of Plaintiffs' causes of

6   action.  Plaintiffs' first two causes of action alleging violations of the RFDCPA and

7   FDCPA and Plaintiffs' third cause of action for fraud are addressed in turn below.

8

9        **A.       Equitable Tolling of the RFDCPA and FDCPA Claims**

10

11        "Federal courts have typically extended equitable relief only sparingly."  <u>Irwin v.</u>

12   <u>Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990).  Equitable tolling is generally permitted

13   in two situations: (1) "where the claimant has actively pursued his judicial remedies by

14   filing a defective pleading during the statutory period"; or (2) "where the complainant has

15   been induced or tricked by his adversary's misconduct into allowing the filing deadline to

16   pass."  <u>Id.</u>

17        The Court previously dismissed Plaintiffs' claims for violations of the RFDCPA

18   and FDCPA because the claims were time barred by the one-year statute of limitations

19   provided in California Civil Code section 1788.30(f) and 15 U.S.C. § 1692k(d)

20   respectively.  (ECF No. 13.)  The Court explained that "Plaintiffs knew of the injury that

21   provides the basis for their RFDCPA and FDCPA claims" on February 16, 2011.  (<u>Id.</u> at

22   8.)  Applying the one-year statute of limitations, "the latest date Plaintiffs could have

23   brought any action prior to the statute of limitations expiring is February 16, 2012."  (<u>Id.</u>)

24   Plaintiffs did not file the instant action until February 13, 2013, and thus, the statute of

25   limitations expired.  After concluding that Plaintiffs' claims were time barred, the Court

26   declined to toll the statute of limitations and explained, "[a]t no point does Plaintiffs'

27   Complaint allege any facts suggesting that equitable tolling should apply to the FDCPA

28   or RFDCPA statute of limitations."  (<u>Id.</u> at 10.)

1    Plaintiffs' original Complaint alleged that "[a]s a result of the material

2   misrepresentation . . . Plaintiff has lost some legal causes of action that would have

3   entitled Plaintiff to money."  (ECF No. 1 at Ex. A.)  Equitable tolling is allowed "where the

4   complainant has been induced or tricked by his adversary's misconduct into allowing the

5   filing deadline to pass."  Irwin, 498 U.S. at 96.  Plaintiffs' Amended Complaint now

6   states, "Plaintiffs were tricked into allowing the filing deadline to pass, thus equitable

7   tolling applies."  (ECF No. 14 at 9.)  However, "a plaintiff's obligation to provide the

8   'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

9   formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S.

10   at 555.

11    Plaintiffs claim that "[i]t would make no sense for Plaintiff[s] to file this case within

12   the one year statute of limitations period when Plaintiff[s] believed the case was

13   settled."[3]  (Pls.' Opp'n Def.'s Mot. Dismiss 4, ECF No. 18.)  In other words, Plaintiffs did

14   not protect their legal rights because "Plaintiff[s] believed the case was settled."  (Id.)

15   However, courts "have generally been much less forgiving in receiving late filings where

16   the claimant failed to exercise due diligence in preserving his legal rights."  Irwin,

17   498 U.S. at 96.  As the District of Hawaii explained, a Defendant's desire to settle

18   "certainly is not a reasonable justification for Plaintiff to delay filing suit."  Hawaii v.

19   United States, 173 F. Supp. 2d 1063, 1065-66 (D. Haw. 2000).

20    Plaintiffs contend that "negotiation on the matter had concluded and Defendant

21   represented to Plaintiffs that the matter was settled."  (ECF No. 18 at 4.)  Plaintiffs made

22   the exact same argument in opposing Defendant's Motion to Dismiss Plaintiffs' original

23   Complaint.

24   ///

25   ///

26   ///

27   _____

[3] Defendant points out, "If Plaintiffs' attorneys truly believe the case had settled, they should
28   initiate an action to enforce the settlement."  (Def.'s Reply Mem. P. & A. Supp. Mot. Dismiss 2, ECF
No. 19.)

1   In regard to the statute of limitations and equitable tolling issues, Plaintiffs' Memorandum

2   of Points and Authorities in Opposition to Defendant's Motion to Dismiss Plaintiffs'

3   Amended Complaint (ECF No. 18) is identical, with the exception of a few words, to

4   Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion to

5   Dismiss Plaintiffs' original Complaint (ECF No. 7).  Therefore, the Court already

6   considered Plaintiffs' contention in granting Defendant's Motion to Dismiss Plaintiffs'

7   original Complaint.  (ECF No. 13.)

8         Due to Plaintiffs' failure to allege more than legal conclusions and Plaintiffs'

9   inability to provide new argument for the Court to consider, the Court finds Plaintiffs'

10   RFDCPA and FDCPA claims are not entitled to equitable tolling.  Accordingly,

11   Defendant's Motion to Dismiss these causes of action is granted.

12

13         **B.     Fraud**

14

15         The elements of a cause of action for fraud are: "(a) misrepresentation (false

16   representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter');

17   (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting

18   damage."  Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996).  Although Plaintiffs' third

19   cause of action is for common law fraud, "[i]t is well established law, in this circuit and

20   elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of

21   action."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).  In regard

22   to a fraud cause of action, "a party must state with particularity the circumstances

23   constituting fraud."  Fed. R. Civ. P. 9(b).  "Averments of fraud must be accompanied by

24   'the who, what, when, where, and how' of the misconduct charged."  Vess, 317 F.3d at

25   1106.  In addition, "the plaintiff must set forth what is false or misleading about a

26   statement, and why it is false."  Keen v. Am. Home Mortg. Servicing, Inc.,

27   664 F. Supp. 2d 1086, 1098 (E.D. Cal. 2009) (citing Decker v. GlenFed, Inc., 42 F.3d

28   1541, 1548 (9th Cir. 1994)).

1     The Court previously dismissed Plaintiffs' fraud cause of action because Plaintiffs

2  failed "to state the facts with the particularity required under Rule 9(b)'s heightened

3  pleading standard." (ECF No. 13 at 11.)  Plaintiffs' original Complaint did "not state on

4  what date, or even in what year, this alleged activity took place, nor do Plaintiffs state

5  whether this alleged activity took place over the phone, in person, or by mail." (Id.)

6  Plaintiffs' Amended Complaint alleges the dates of each communication and that the

7  alleged misrepresentation took place by e-mail.  (ECF No. 14.)  However, Plaintiffs'

8  Amended Complaint still fails to plead fraud with the particularity required under Rule

9  9(b).

10     Plaintiffs' Amended Complaint alleges that Defendant's representation to settle

11  Plaintiffs' claims "was false." (ECF No. 14 at 7.)  However, Plaintiffs fail to allege "what

12  is false or misleading about [Defendant's] statement, and why it is false." Vess, 317 F.3d

13  at 1106.  In addition, Plaintiffs fail to allege Defendant's "knowledge of falsity." Lazar,

14  12 Cal.4th at 638.  Therefore, Plaintiffs failed to plead the cause of action with

15  particularity.  As a result, Plaintiffs' third cause of action for fraud fails to state a claim

16  upon which relief can be granted.

17

18     **C.  Request for Judicial Notice**

19

20     Defendant requested that the Court take judicial notice of an obituary for Jason C.

21  Wilson, Plaintiff Velma Wilson's alleged husband, published in the Lodi News-Sentinel.

22  (ECF No. 17).  Plaintiffs did not oppose the request.  However, the obituary is not

23  necessary to the Court's decision because the Court finds that Plaintiffs failed to allege

24  sufficient facts for equitable tolling to apply and failed to plead fraud with particularity

25  regardless of taking the obituary into consideration.

26     Accordingly, Defendant's Request for Judicial Notice (ECF No. 17) is denied as

27  moot.

28  ///

8

1

**CONCLUSION**

2

3        For the reasons stated above, Defendant's Motion to Dismiss Plaintiffs' Amended

4   Complaint is GRANTED WITH FINAL LEAVE TO AMEND.  If no amended complaint is

5   filed within thirty (30) days of the date of this Order, the causes of action dismissed by

6   this Order shall be dismissed with prejudice without further notice to the parties.

7        IT IS SO ORDERED.

8   Dated:  September 12, 2013

9

10

11   _____
     MORRISON C. ENGLAND, JR., CHIEF JUDGE
12   UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28