UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELMA WILSON and BARBARA PORTAL,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GORDON & WONG LAW GROUP, P.C., and DOES 1 THROUGH 100, INCLUSIVE,<br><br>　　　　　Defendants. | No. 2:13-cv-00609-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiffs Velma Wilson and Barbara Portal (collectively, "Plaintiffs") initially filed suit against Defendant Gordon & Wong Law Group, P.C. ("Defendant") in state court alleging: (1) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and (3) intentional misrepresentation (fraud).  After removing the case to federal court, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 6.)  On June 19, 2013, the Court granted Defendant's Motion to Dismiss with leave to amend.  (ECF No. 13.)  Specifically, the Court dismissed Plaintiffs' first two causes of action for violations of the RFDCPA and FDCPA on statute of limitations grounds.

The Court dismissed Plaintiffs' third cause of action because Plaintiffs failed to plead fraud with particularity. On July 3, 2013, Plaintiffs filed the First Amended Complaint. (ECF No. 14.) Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. (ECF No. 16.) For the reasons stated below, Defendant's Motion to Dismiss is granted.[1]

## BACKGROUND[2]

According to Plaintiffs, "[s]ometime during or prior to 2012," Plaintiff created an account ending in 2036 with HSBC and incurred financial obligations on the account. (Pls.' Am. Compl. 5, ECF No. 14.) The financial "obligations allegedly went into default for late payment." (Id.) "Sometime prior to January 6, 2011," Defendant "was retained to collect account ending in 2036." (Id.) Plaintiffs "retained The Palmer Firm, P.C. to represent them regarding their debt." (Id.)

On January 6, 2011, The Palmer Firm sent a letter to Defendant informing Defendant "that Plaintiffs were represented by counsel regarding account ending in 2036 and instructed Defendant to cease communication with Plaintiff[s] from that point forward." (Id.) However, on January 18, 2011, Defendant called Plaintiffs on the telephone "regarding payment on account ending in 2036." (Id. at 6.) In addition, on February 16, 2011, Defendants "mailed a collection letter to Plaintiffs in [an] attempt to collect on account ending in 2036." (Id.) In response, The Palmer Firm sent a "demand letter" to Defendant dated June 21, 2011. (Id.) Defendant communicated with The Palmer Firm through e-mail in an alleged attempt to "resolve the issues in the demand letter." (Id.)

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(g).

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Amended Complaint. (ECF No. 14.)

On July 27, 2011, the communications between Defendant and The Palmer Firm resulted in an agreement "to pay Plaintiffs $1200.00 to resolve Plaintiffs' demand letter." (Id.)  After July 12, 2012, Defendant stopped communicating with The Palmer Firm regarding the alleged agreement to settle the demand.  (Id. at 7.)

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).

Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

     A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

///
///
///
///

## ANALYSIS

The Court previously granted Defendant's Motion to Dismiss Plaintiffs' original Complaint with leave to amend. (ECF No. 13.) After Plaintiffs filed the Amended Complaint, Defendants filed the instant Motion to Dismiss all three of Plaintiffs' causes of action. Plaintiffs' first two causes of action alleging violations of the RFDCPA and FDCPA and Plaintiffs' third cause of action for fraud are addressed in turn below.

### A.   Equitable Tolling of the RFDCPA and FDCPA Claims

"Federal courts have typically extended equitable relief only sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Equitable tolling is generally permitted in two situations: (1) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period"; or (2) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id.

The Court previously dismissed Plaintiffs' claims for violations of the RFDCPA and FDCPA because the claims were time barred by the one-year statute of limitations provided in California Civil Code section 1788.30(f) and 15 U.S.C. § 1692k(d) respectively. (ECF No. 13.) The Court explained that "Plaintiffs knew of the injury that provides the basis for their RFDCPA and FDCPA claims" on February 16, 2011. (Id. at 8.) Applying the one-year statute of limitations, "the latest date Plaintiffs could have brought any action prior to the statute of limitations expiring is February 16, 2012." (Id.) Plaintiffs did not file the instant action until February 13, 2013, and thus, the statute of limitations expired. After concluding that Plaintiffs' claims were time barred, the Court declined to toll the statute of limitations and explained, "[a]t no point does Plaintiffs' Complaint allege any facts suggesting that equitable tolling should apply to the FDCPA or RFDCPA statute of limitations." (Id. at 10.)

1    Plaintiffs' original Complaint alleged that "[a]s a result of the material
2 misrepresentation . . . Plaintiff has lost some legal causes of action that would have
3 entitled Plaintiff to money." (ECF No. 1 at Ex. A.)  Equitable tolling is allowed "where the
4 complainant has been induced or tricked by his adversary's misconduct into allowing the
5 filing deadline to pass." Irwin, 498 U.S. at 96.  Plaintiffs' Amended Complaint now
6 states, "Plaintiffs were tricked into allowing the filing deadline to pass, thus equitable
7 tolling applies." (ECF No. 14 at 9.)  However, "a plaintiff's obligation to provide the
8 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
9 formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S.
10 at 555.

11   Plaintiffs claim that "[i]t would make no sense for Plaintiff[s] to file this case within
12 the one year statute of limitations period when Plaintiff[s] believed the case was
13 settled."[3] (Pls.' Opp'n Def.'s Mot. Dismiss 4, ECF No. 18.)  In other words, Plaintiffs did
14 not protect their legal rights because "Plaintiff[s] believed the case was settled." (Id.)
15 However, courts "have generally been much less forgiving in receiving late filings where
16 the claimant failed to exercise due diligence in preserving his legal rights." Irwin,
17 498 U.S. at 96.  As the District of Hawaii explained, a Defendant's desire to settle
18 "certainly is not a reasonable justification for Plaintiff to delay filing suit." Hawaii v.
19 United States, 173 F. Supp. 2d 1063, 1065-66 (D. Haw. 2000).

20   Plaintiffs contend that "negotiation on the matter had concluded and Defendant
21 represented to Plaintiffs that the matter was settled." (ECF No. 18 at 4.)  Plaintiffs made
22 the exact same argument in opposing Defendant's Motion to Dismiss Plaintiffs' original
23 Complaint.
24 ///
25 ///
26 ///

---

27   [3] Defendant points out, "If Plaintiffs' attorneys truly believe the case had settled, they should
28 initiate an action to enforce the settlement." (Def.'s Reply Mem. P. & A. Supp. Mot. Dismiss 2, ECF No. 19.)

In regard to the statute of limitations and equitable tolling issues, Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 18) is identical, with the exception of a few words, to Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Plaintiffs' original Complaint (ECF No. 7).  Therefore, the Court already considered Plaintiffs' contention in granting Defendant's Motion to Dismiss Plaintiffs' original Complaint. (ECF No. 13.)

Due to Plaintiffs' failure to allege more than legal conclusions and Plaintiffs' inability to provide new argument for the Court to consider, the Court finds Plaintiffs' RFDCPA and FDCPA claims are not entitled to equitable tolling.  Accordingly, Defendant's Motion to Dismiss these causes of action is granted.

**B.   Fraud**

The elements of a cause of action for fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996).  Although Plaintiffs' third cause of action is for common law fraud, "[i]t is well established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).  In regard to a fraud cause of action, "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  Vess, 317 F.3d at 1106.  In addition, "the plaintiff must set forth what is false or misleading about a statement, and why it is false."  Keen v. Am. Home Mortg. Servicing, Inc., 664 F. Supp. 2d 1086, 1098 (E.D. Cal. 2009) (citing Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994)).

The Court previously dismissed Plaintiffs' fraud cause of action because Plaintiffs failed "to state the facts with the particularity required under Rule 9(b)'s heightened pleading standard." (ECF No. 13 at 11.) Plaintiffs' original Complaint did "not state on what date, or even in what year, this alleged activity took place, nor do Plaintiffs state whether this alleged activity took place over the phone, in person, or by mail." (Id.) Plaintiffs' Amended Complaint alleges the dates of each communication and that the alleged misrepresentation took place by e-mail. (ECF No. 14.) However, Plaintiffs' Amended Complaint still fails to plead fraud with the particularity required under Rule 9(b).

Plaintiffs' Amended Complaint alleges that Defendant's representation to settle Plaintiffs' claims "was false." (ECF No. 14 at 7.) However, Plaintiffs fail to allege "what is false or misleading about [Defendant's] statement, and why it is false." Vess, 317 F.3d at 1106. In addition, Plaintiffs fail to allege Defendant's "knowledge of falsity." Lazar, 12 Cal.4th at 638. Therefore, Plaintiffs failed to plead the cause of action with particularity. As a result, Plaintiffs' third cause of action for fraud fails to state a claim upon which relief can be granted.

**C. Request for Judicial Notice**

Defendant requested that the Court take judicial notice of an obituary for Jason C. Wilson, Plaintiff Velma Wilson's alleged husband, published in the Lodi News-Sentinel. (ECF No. 17). Plaintiffs did not oppose the request. However, the obituary is not necessary to the Court's decision because the Court finds that Plaintiffs failed to allege sufficient facts for equitable tolling to apply and failed to plead fraud with particularity regardless of taking the obituary into consideration.

Accordingly, Defendant's Request for Judicial Notice (ECF No. 17) is denied as moot.

///

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss Plaintiffs' Amended Complaint is GRANTED WITH FINAL LEAVE TO AMEND.  If no amended complaint is filed within thirty (30) days of the date of this Order, the causes of action dismissed by this Order shall be dismissed with prejudice without further notice to the parties.

IT IS SO ORDERED.

Dated:  September 12, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT